IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC NSEUMEN, individually and on behalf of all similarly situated individuals,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DAL GLOBAL SERVICES, LLC,<br><br>　　　　　　　　　Defendant. | Case No. 1:21-cv-2630 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant DAL Global Services, LLC ("DGS"), through counsel, hereby removes this case from the Circuit Court of Cook County, Illinois to the U.S. District Court for the Northern District of Illinois, Eastern Division. In support of removal, DGS states as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(d)(2). This is a class action in which the size of the proposed class exceeds 100 members; there is diversity of citizenship between at least one member of the putative class of plaintiffs and one defendant; and the amount in controversy exceeds $5 million, exclusive of interest and costs. This action is therefore removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b).

2. Removal to this Court is proper because the U.S. District Court for the Northern District of Illinois embraces the Circuit Court of Cook County, Illinois, County Department, Chancery Division, where Plaintiff commenced this action. *See* 28 U.S.C. §§ 93(a)(1), 1442(a).

**STATE COURT ACTION**

3. On April 14, 2021, Plaintiff Eric Nseumen filed a putative Class Action Complaint in the Circuit Court of Cook County, Illinois, County Department, Chancery Division (Case No. 2021-CH-01794), alleging that DGS violated Illinois's Biometric Information Privacy Act ("BIPA"), 740 ILCS 41/1, *et seq*. *See* **Exhibit A**, attached hereto.

4. Plaintiff alleges that DGS "captured, collected, disseminated, or otherwise used the biometrics of Plaintiff and other Class members, without their informed written consent as required by law, in order to track their time at work." *Id.* ¶ 2. Plaintiff further alleges that he brought this action "for statutory damages and other remedies as a result of [DGS's] conduct in violating Plaintiff's state biometric privacy rights." *Id.* ¶ 8.

5. Plaintiff claims DGS violated BIPA by: (1) collecting Plaintiff's biometrics without providing the requisite notice and obtaining Plaintiff's written release, in alleged violation of BIPA Section 15(b), *id.* ¶ 37(a)–(d); (2) "fail[ing] to establish a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they [sic] store," in alleged violation of BIPA Section 15(a), *id.* ¶ 37(e); (3) "fail[ing] to obtain consent to disclose or disseminate the Class' biometrics," in alleged violation of BIPA Section 15(d), *id.* ¶ 37(f); and (4) "profit[ing] from Plaintiff's and the Class members' biometric identifiers and biometric information," in alleged violation of BIPA Section 15(c), *id.* ¶ 38.

6. For relief, Plaintiff requests, on behalf of himself and the class, an order "[d]eclaring that [DGS's] actions . . . violate BIPA; [a]warding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring [DGS] to comply with BIPA; [a]warding statutory damages of $5,000 for each willful and/or reckless violation of BIPA,

pursuant to 740 ILCS 14/20(2); [a]warding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1); [a]warding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3); and [a]warding pre- and post-judgment interest, as allowable by law." *Id*. at p. 10.

7. On April 16, 2021, Plaintiff served a copy of the Complaint and Summons in the above-captioned action upon DGS. *See* Ex. A.

8. Plaintiff also appears to have filed a Motion for Class Certification in the Circuit Court of Cook County, Illinois on April 14, 2021, though DGS was not served with this motion. *See* **Exhibit B**, attached hereto (Cook County Clerk of the Circuit Court, Electronic Docket Search, Case Information Summary for Case Number 2021-CH-01794 (May 14, 2021)). No further proceedings have occurred in the state court action. *See id.*

## TIMELINESS

9. Removal is timely because DGS filed this notice within thirty days of service of the Complaint, which was on April 16, 2021. *See* 28 U.S.C. § 1446(b)(1).

## GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

10. This Court has original jurisdiction under CAFA because (a) the putative class includes more than 100 members; (b) there is minimal diversity of citizenship; and (c) there is at least $5 million in controversy.

### CLASS SIZE

11. The class Plaintiff seeks to represent includes more than 100 members. The proposed class includes "[a]ll individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of [DGS] within the state of Illinois at any time within the applicable limitations period." Ex. A ¶ 23.

3

12. Plaintiff alleges "[u]pon information and belief" that "there are hundreds of members of the Class." *Id*. ¶ 25. Solely for the purposes of removal, and without conceding that Plaintiff or the class is entitled to any relief, DGS assumes Plaintiff's allegation that the proposed class includes "hundreds of members" to be true. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017) ("[D]efendant may rely on the estimate of the class number set forth in the complaint.").

### MINIMAL DIVERSITY OF CITIZENSHIP

13. There is minimal diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14. Plaintiff is a natural person and a resident and citizen of Illinois. Ex. A ¶ 10.

15. DGS is a limited liability company.[1] A limited liability company is a citizen of every state of which any member of the LLC is a citizen. *See Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). The sole member of DGS is AirCo Aviation Services, LLC ("AirCo"). The members of AirCo are Delta Air Lines, Inc. ("Delta"), Scrub Holdings, Inc., and Argenbright Holdings IV, LLC.

16. Delta is a Delaware corporation with its principal place of business in Atlanta, Georgia. A corporation is "a citizen of every [s]tate . . . by which it has been incorporated and of the [s]tate . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, Delta is a citizen of Delaware and Georgia for purposes of diversity jurisdiction.

---

[1] While Plaintiff alleges that DGS is a "corporation organized under the laws of the state of Delaware," Ex. A ¶ 11, the Complaint's caption correctly identifies DGS as a "Delaware Limited Liability Company." *Id.* at p. 1.

4

17. Scrub Holdings, Inc. is a Delaware corporation with its principal place of business in Georgia. Scrub Holdings, Inc. is a citizen of Delaware and Georgia for diversity purposes.

18. Argenbright Holdings IV, LLC is a limited liability company. The sole member of Argenbright Holdings IV, LLC is Argenbright Holdings III, LLC. The sole member of Argenbright Holdings III, LLC is Argenbright Holdings II, LLC. The sole member of Argenbright Holdings II, LLC is Argenbright Holdings I, LLC. The members of Argenbright Holdings I, LLC are Frank A. Argenbright, Jr., Kathleen B. Argenbright, and the FAA, Jr. Family Trust. Frank A. Argenbright, Jr. and Kathleen B. Argenbright are citizens of Georgia. Regarding the FAA, Jr. Family Trust, "the citizenship of a trust is the citizenship of its trustee." *Guar. Nat. Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996); *see also White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011) ("Businesses organized as trusts don't have their own citizenship; they take the citizenship of the trustee (or citizenships, if there are multiple trustees)."). The trustee of the FAA, Jr. Family Trust is Kathleen B. Argenbright. Ms. Argenbright is a citizen of Georgia. Thus, Argenbright Holdings IV, LLC is a citizen of Georgia for diversity purposes.

19. Based on the above, DGS is a citizen of Georgia and Delaware for diversity purposes. Accordingly, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A). *See, e.g., Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965–66 (7th Cir. 2016) (minimal diversity under CAFA existed when class representative was Illinois citizen and defendant was Delaware corporation with principal place of business in Arizona).

**AMOUNT IN CONTROVERSY**

20. The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

For purposes of determining the amount in controversy, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

21. To demonstrate that the amount in controversy requirement is met, DGS need only plead that there is a "reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d. 761, 763 (7th Cir. 2011) (citation omitted); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 553 (2014) (defendant's good-faith estimate of the amount in controversy is sufficient for removal purposes).

22. DGS denies the merits of Plaintiff's claims and denies that Plaintiff and the putative class are entitled to any monetary or other relief. Solely for purposes of CAFA jurisdiction, however, the amount in controversy exceeds $5 million.

23. Plaintiff alleges "willful and/or reckless" violations of BIPA, Ex. A at p. 10, which carry statutory damages of $5,000 "per violation." *See* 740 ILCS 14/20. Plaintiff also alleges at least four separate BIPA "violations" in Count I (violations of Sections 15(a)–(d)). Ex. A ¶¶ 37–38. Consistent with the alleged class size of "hundreds of members," *id.* ¶ 25, DGS estimates it has had over 800 employees in Illinois since 2016. If each putative class member is entitled to a recovery under the four alleged violations, a total recovery of more than $5 million is legally possible (*i.e.*, 800 class members x $5,000 statutory damages x 4 violations = $16 million).[2] *See Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction

---

[2] DGS includes this amount in controversy based solely on the Complaint's allegations and does not concede Plaintiff's allegations are correct. DGS also does not concede that class members can recover for four separate BIPA violations. Moreover, in providing this estimate of the size of the putative class, DGS reserves all rights regarding the statute of limitations applicable to claims under BIPA.

has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal citation omitted).

**ARTICLE III STANDING**

24. Standing exists under Article III of the U.S. Constitution for all four of Plaintiff's BIPA claims. *First*, the Seventh Circuit's decision in *Bryant v. Compass Group, Inc.* makes clear that standing exists for Plaintiff's Section 15(b) claim, as alleged. *See Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020), *as amended on denial of reh'g and reh'g en banc* (June 30, 2020) ("Compass's failure to abide by the requirements of section 15(b) before it collected Smart Market users' fingerprints denied Bryant and others like her the opportunity to consider whether the terms of that collection and usage were acceptable given the attendant risks. . . . This deprivation is a concrete injury-in-fact that is particularized to Bryant. She thus meets the requirements for Article III standing on her section 15(b) claim.").

25. *Second*, standing exists for Plaintiff's Section 15(a) claim. In *Fox v. Dakkota Integrated Systems, LLC*, the Seventh Circuit held that a plaintiff alleges an injury in fact for standing purposes when he claims a defendant "violat[ed] the full range of its section 15(a) duties by failing to develop, publicly disclose, *and comply with* a data-retention schedule and guidelines for the permanent destruction of biometric data when the initial purpose for collection ends." 980 F.3d 1146, 1154 (7th Cir. 2020). Here, Plaintiff alleges that DGS failed to develop **and follow** a biometric retention schedule, *see* Ex. A ¶¶ 21, 37(a), meaning standing exists for his Section 15(a) claim. *See, e.g.*, *Kalb v. Gardaworld Cashlink LLC*, Case No. 1:21-cv-01092, 2021 WL 1668036, at *3 (C.D. Ill. Apr. 28, 2021) (denying motion to remand Section 15(a) claim and holding standing existed where complaint "reasonably suggest[ed] [d]efendant has unlawfully retained [plaintiff's] data").

26. *Third*, standing exists for Plaintiff's Section 15(c) claim, which is based on DGS allegedly "operating an employee timekeeping system which uses biometrics that was devoid of the privacy protections required by BIPA" and "profit[ing] from Plaintiff's and the Class members' biometrics identifiers and biometric information." Ex. A ¶ 38. Plaintiff alleges that DGS's purported BIPA violations led to "the actual injuries the Illinois legislature sought to prevent." Ex. A ¶ 7; *cf. Thornley v. Clearview AI, Inc.*, 84 F.3d 1241, 1246 (7th Cir. 2021) (plaintiffs did not have Article III standing where plaintiffs specifically alleged that they suffered no injury from defendant's alleged Section 15(c) violations). The Seventh Circuit noted, "[w]e have no quarrel with the idea that a different complaint might reflect that type of equivalence. A plaintiff might assert, for example, that by selling her data, the collector has deprived her of the opportunity to profit from her biometric information. Or a plaintiff could assert that the act of selling her data amplified the invasion of her privacy that occurred when the data was first collected, by disseminating it to some unspecified number of other people." *Id.* Plaintiff alleges injuries of this kind in the Complaint.

27. *Fourth*, standing exists for Plaintiff's Section 15(d) claim (based on DGS's alleged disclosure of his biometrics) under the same rationale articulated in *Bryant*. *See, e.g.*, *Burlinski v. Top Golf USA Inc.*, No. 19-CV-06700, 2020 WL 5253150, at *4 (N.D. Ill. Sept. 3, 2020) (denying motion to remand Section 15(b) and 15(d) claims); *Figueroa v. Kronos Inc.*, 454 F. Supp. 3d 772, 781 (N.D. Ill. 2020) ("Plaintiffs have standing to pursue their claims under Sections 15(b) and 15(d).").

## NOTIFICATIONS

28. DGS will provide prompt written notice to Plaintiff, through counsel, of this removal, in accordance with 28 U.S.C. § 1446(d).

29. DGS will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division, in accordance with 28 U.S.C. § 1446(d).

## **NON-WAIVER**

30. If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the removal clock will have not begun to run, and DGS reserves the right to remove this action at the appropriate time. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013).

31. DGS reserves all defenses and objections it may have to this action, without conceding either the Complaint's allegations or that Plaintiff has pleaded claims upon which relief may be granted.

## **CONCLUSION**

For the foregoing reasons, this action is properly removed to this Court.

| | |
|---|---|
| DATE: May 14, 2021 | MORGAN, LEWIS & BOCKIUS LLP |
| | /s/ *Elizabeth B. Herrington* |
| | Elizabeth B. Herrington |
| | Gregory T. Fouts |
| | Tyler Z. Zmick |
| | 77 West Wacker Drive, Suite 500 |
| | Chicago, IL 60601 |
| | T: (312) 324-1445 |
| | F: (312) 324-1001 |
| | beth.herrington@morganlewis.com |
| | gregory.fouts@morganlewis.com |
| | tyler.zmick@morganlewis.com |
| | |
| | *Counsel for Defendant DAL Global Services, LLC* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of May, 2021, I caused a true and correct copy of the foregoing **Notice of Removal** to be filed through the Court's CM/ECF System and served the below Counsel of Record via electronic mail:

Eugene Y. Turin
Timothy P. Kingsbury
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
tkingsbury@mcgpc.com

/s/ *Elizabeth B. Herrington*
Elizabeth B. Herrington